UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>EZ SIGNS, LLC, *doing business as* EZ SIGNS & SERVICE & CRANE,<br><br>Defendant. | Civil Action No. 1:25-cv-02311 MSN/IDD |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF" or "Plaintiff" or "Fund") Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) [Dkt. No. 7] ("Motion") against Defendant EZ Signs, LLC, doing business as E-Z Signs & Service & Crane ("EZ Signs" or "Defendant"). After Defendant failed to timely file a responsive pleading or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED**.

## I. INTRODUCTION

On December 10, 2025, Plaintiff filed this action under Sections 502(a)(3), (d)(1), (g)(2), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145, and Section 301(a) of the Labor Management

Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185. Compl. ¶ 1. ERISA allows parties to enforce provisions of collective bargaining agreements. In its Complaint, Plaintiff seeks a monetary judgment against the Defendant awarding unpaid contributions, accrued interest, liquidated damages, and attorneys' fees and costs, through the date of judgment. Compl. ¶ 1.

**A. Jurisdiction and Venue**

Subject matter jurisdiction is established on numerous bases. First, pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction for civil actions that arise under federal law. This Court has subject matter jurisdiction over this case because this case arises under ERISA. Second, jurisdiction is established pursuant to Sections 502(e), (f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). ERISA provides United States district courts exclusive jurisdiction over ERISA civil actions, regardless of the amount in controversy or the citizenship of the parties. 29 U.S.C. §§ 1132(e), (f). Lastly, LMRA grants district courts jurisdiction over actions and proceedings brought by or against labor organizations. 29 U.S.C. § 185(c).

The Court has personal jurisdiction over Defendant EZ Signs, pursuant to ERISA, which provides that any action brought under the statute "may be brought in the district where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). ERISA also allows for nationwide service of process. *Id*. "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with [the due process requirements of] the Fifth Amendment [of the U.S. Constitution]." *Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 443 (4th Cir. 2015). To support a Fifth Amendment challenge, a defendant must show that "the district court's assertion of personal jurisdiction over [them] would result in 'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy' evidenced

by a nationwide service of process provision." *Id.* at 444 (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 524 n. 2 (4th Cir. 2004)).

A citizen or corporation of the United States would have difficulty showing such extreme inconvenience or unfairness. *Denny's*, 364 F.3d at 524 n. 2. Here, the Funds are administered in Falls Church, Virginia, [Compl. ¶ 3], which is within the Eastern District of Virginia, and, as discussed below, the Defendant was properly served. Because the Defendant has its principal place of business in Feasterville-Trevose, Pennsylvania, [Compl. ¶ 7], it would be "highly unusual" for the Defendant to show that any "inconvenience will rise to a level of constitutional concern." *Plumbers & Pipefitters*, 791 F.3d at 444 (reasoning that a defendant's United States residence makes it ordinarily unlikely that defending an action in a United States court would violate a defendant's Fourteenth Amendment due process rights). Therefore, this Court has personal jurisdiction over the Defendant.

Finally, venue is proper in this district, under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(c), as the Funds are administered in this district. Compl. ¶ 5. Therefore, venue is appropriate in this Court.

**B. Service of Process**

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effected "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ P. 4(h). On December 12, 2025, a process server delivered the summons, Complaint, and

related materials to the Defendant's registered agent, Angela Schlotter, in Feasterville-Trevose, Pennsylvania. *See* Aff. Of Process Server, Dkt. Nos. 3, 4. Therefore, Plaintiff properly served the Defendant through its registered agent, pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default

Plaintiff initiated this action by filing the Complaint on December 10, 2025. Dkt. No. 1. EZ Signs has failed to appear, answer, or file any other responsive pleading after receiving the Complaint. Dkt. No. 7 at ¶ 3. On January 28, 2026, Plaintiff filed a Request for Entry of Default with the Clerk. Dkt. No. 5. On January 29, 2026, the Clerk entered default against the Defendant. Dkt. No. 6. On February 5, 2026, Plaintiff filed a Motion for Default Judgment, and the undersigned conducted a hearing on the matter on March 6, 2026. Dkt. Nos. 7, 10. Defendant failed to appear at the hearing, respond to the Motion for Default Judgment, or otherwise defend this action. Dkt. No. 10. Accordingly, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Dkt. No. 10.

## II. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting

default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Ryan*, 253 F.3d at 780.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

## III. FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff is a trustee of a multi-employer benefit plan administered at 3180 Fairview Park Drive, Suite 400, Falls Church, Virginia 22042. Compl. ¶ 5. Defendant is a Pennsylvania corporation with its principal place of business in Feasterville-Trevose, Pennsylvania. Compl. ¶ 7. Additionally, Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5). Compl. ¶ 7.

At all times relevant to this action through February 26, 2025, Defendant employed employees under the representation of the International Association of Sheet Metal, Air, Rail and Transportation Union, Local Union 19 ("Local 19"). Compl. ¶ 8. Defendant was a signatory to a Collective Bargaining Agreement ("CBA") with Local 19 and was thus obligated to submit monthly remittance reports and pay benefit contributions to NPF for all hours worked by the Defendant's covered employees within the jurisdiction of Local 19. Compl. ¶¶ 8–13. Pursuant to the CBA, Defendant is obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and policies and procedures adopted by the Board of Trustees ("Trust Document") Compl. ¶ 10.

On February 26, 2025, Local 19 relinquished its interest in representing EZ Signs's employees and terminated the CBA. Ex. 1, Decl. of Daniel Hagerman on behalf of the Plaintiff (hereinafter, "Hagerman Decl.") ¶ 4. Thus, EZ Signs ceased to have an obligation to contribute to the NPF which constituted a withdrawal under Title IV of ERISA. Compl. ¶ 21. After calculating that the withdrawal liability was *de minimis*, the NPF determined that EZ Signs was not required to pay withdrawal liability. Compl. ¶ 26; Hagerman Decl., ¶ 15. Therefore, the NPF assessed an Exit Contribution against EZ Signs equal to the amount of EZ Signs's contributions due for the 36-month period preceding February 26, 2025, in the amount of $31, 706.76. Compl. ¶ 27; Hagerman Decl. ¶ 16.

On June 24, 2025, the NPF sent a letter notifying EZ Signs of the required Exit Contribution and demanding payment by August 20, 2025. Compl. ¶ 27; Hagerman Decl. ¶ 17. EZ Signs did not make any of the required Exit Contribution payments despite its obligation to do so under the Trust Agreement. Compl. ¶ 28; Hagerman Decl. ¶ 17. EZ Signs' failure to pay the owed Exit Contribution constituted a delinquency such that EZ signs additionally owed interest and liquidated damages on the unpaid Exit Contribution. Compl. ¶ 29; Hagerman Decl. ¶ 18. The Plaintiff seeks a total of $39,544.96 for the Defendant's failure to pay the Exit Contribution, including interest (as of March

6, 2026), and liquidated damages. Mem. in Supp. of Mot. for Default J. at 10. The Plaintiff also seeks attorneys' fees and costs in the amount of $4,791.24. Mem. in Supp. of Mot. for Default J. at 10.

Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), establishes the damages imposed on an employer for delinquent contributions. Under that provision and the corresponding Trust Agreement, the court shall award the plaintiff unpaid contributions, interests on the unpaid contributions, liquidated damages provided under the plan not to exceed 20 percent of the unpaid contributions, reasonable attorneys' fees and costs, and other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2); Hagerman Decl., Ex. 2, Art. V, Sec. 6(g). If an employer breaches its contract with a labor organization, Section 301 of the LMRA, 29 U.S.C. § 185(a) provides that the organization may bring suit in any district of the United States having jurisdiction over the parties. 29 U.S.C. § 185(a).

**A. Count I –Exit Contribution**

According to Article V, Section 6(a) of the Trust Document, an Exit Contribution is imposed on an employer who: (i) ceased to have an obligation to contribute to the Fund, and (ii) had an event of withdrawal under Title IV of ERISA as a result of the cessation of its obligation to contribute, but was not required to pay withdrawal liability under Title IV of ERISA. Hagerman Decl., Ex. 2, Art. V, Sec. 6(a). As per Article V, Section 6(b), the Defendant agreed to pay an Exit Contribution by agreeing to contribute to the Fund, and this agreement continued even after the termination of the CBA. Hagerman Decl., Ex. 2, Art. V, Sec. 6(b). Defendant failed to pay the Exit Contribution by the August 20, 2025 deadline. Compl. ¶ 28; Hagerman Decl. ¶ 17. The Plaintiff filed a declaration in support of their Motion, reflecting that the Defendant owes an Exit Contribution in the amount of $31,706.76. Mot. Default J. at 2; Hagerman Decl. ¶ 16.

The Trust Document provides that if an employer fails to timely pay the contractually required contributions, a suit can be filed against the employer to recover unpaid contributions, and the

Defendant is required to pay "interest on the delinquent contributions at a rate of 0.0233% per day, compounded daily . . . [and] liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation." Compl. ¶ 20; Hagerman Decl., Ex. 2, Art. V, Sec. 2(c). In addition to the unpaid Exit Contribution, as of December 15, 2025, Defendant owes the Fund $1,496.85 in interest, including any additional interest accruing until the date of this judgment, and $6,341.35 in liquidated damages. Mot. Default J. at 2. Therefore, the undersigned finds that the Defendant owes a total of $39,544.96 and any additional interest accruing until the date of this judgment to the Fund as a result of its unpaid Exit Contribution.

| ***Plaintiff*** | ***Delinquent Contributions*** | ***Liquidated Damages*** | ***Interest (through 12/15/2025)*** | ***Total*** |
|---|---|---|---|---|
| **NPF** | $31,706.76 | $6,341.35 | $1,496.85 | $39,544.96 |

**B. Attorneys' Fees and Costs**

Finally, the Plaintiff seeks $4,791.24 in attorneys' fees and costs. Mem. in Supp. of Mot. for Default J. at 10; Ex. 2, Decl. of Diana M. Bardes (hereinafter, "Bardes Decl.") at 1–3. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

Plaintiff provided a declaration from their attorney and a detailed billing statement in support of their request for attorneys' fees and costs. *See* Bardes Decl. In those documents, Plaintiff claims $533.74 in costs and $4,257.50 in attorneys' fees based on 18.6 hours of expended counsel time at a rate of $300.00 per hour for partners, $250.00 for associates, and $165.00 for paralegals. Bardes Decl. at 1–3. Time spent by counsel includes conducting research, drafting pleadings, filing motions and supporting documents, and arranging service of process. Bardes Decl. at 2. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the

undersigned finds Plaintiff's request for attorneys' fees and costs to be reasonable and recommends an award of $4,791.24.

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiff. In sum, the Plaintiff is entitled to damages in the total amount of $39,544.96 and attorneys' fees and costs in the amount of $4,791.24, for a total of $44,336.20, and any additional interest accruing until the date of this judgment.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

/s/
Ivan D. Davis
United States Magistrate Judge

July 31, 2026
Alexandria, Virginia